IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADEN M. RYAN and ) <br> STEFANIE K. RYAN, ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> ERIE COUNTY OFFICE OF ) <br> CHILDREN & YOUTH, et al., ) <br>       Defendants. ) | C.A. No. 18-234 Erie <br><br> District Judge Susan Paradise Baxter |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

On August 20, 2018, Plaintiffs Braden M. Ryan ("Braden") and Stefanie K. Ryan ("Stefanie"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 [ECF No. 9], against Defendant Erie County Office of Children & Youth ("ECOCY"), and the following individual Defendants, all of whom were staff members at ECOCY, holding the positions indicated, at all relevant times hereto: Lana Rees ("Rees"), director; Charlotte Pelc ("Pelc"), intake supervisor; Jessica Rosenberry ("Rosenberry"), intake caseworker; Kenneth Parmerter ("Parmerter"), ongoing supervisor; and Kathy Mountain ("Mountain"), ongoing caseworker. Plaintiffs subsequently filed an amended complaint on January 28, 2019 [ECF No. 14], alleging six causes of action: (1) a claim of violation of their inherent rights under Article I, §1, of the Pennsylvania Constitution; (2) a claim of unreasonable search and seizure under Article I, §8, of the Pennsylvania Constitution; (3) a Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983; (4) a Fourteenth Amendment due process claim under 42 U.S.C.

§ 1983; (5) a "Monell Claim [436 U.S. 658 (1978)];" and (6) a claim under Article I, §11, of the Pennsylvania Constitution [Suits and Courts].

On December 6, 2019, this Court issued a Memorandum Opinion [ECF No. 44] and an Order [ECF No. 45], granting Defendants' motion to dismiss Plaintiff's first amended complaint, without prejudice to Plaintiffs' right to file a second amended complaint solely to restate their equal protection and due process claims to conform to the arguments raised in their opposition brief, and to clarify the allegations supporting their Monell claim. Plaintiffs were ordered to file their second amended complaint within thirty (30) days of this Court's Order, or by January 5, 2020. To date, Plaintiffs have failed to file a second amended complaint.

As a result of Plaintiffs' failure to comply with this Court's Order, Defendants have filed a motion to dismiss this case for Plaintiffs' failure to prosecute. [ECF No. 47]. Plaintiffs were ordered to file a response to Defendants' motion by March 4, 2020, but have failed to do so. This matter is now ripe for disposition.

## II. DISCUSSION

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court finds that dismissal of this matter is warranted.

During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the obligation of the Plaintiffs, who bear full responsibility for any failure in the prosecution of their claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders). Here, Plaintiffs have failed to respond to any of this Court's orders since the dismissal of their first amended complaint on December 6, 2019. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent *pro se* parties, such as Plaintiffs. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

Thus, Defendants' motion to dismiss [ECF No. 47] will be granted and this case will be dismissed for Plaintiffs' failure to prosecute.

An appropriate Order follows.